IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


KELLY G. MELTON,                          09-CV-1000-BR

          Plaintiff,                      OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant.


**DAVID B. LOWRY**
9900 S.W. Greenburg Road
Columbia Business Center
Suite 130
Portland, OR 97223
(503) 245-6309

          Attorney for Plaintiff

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**LISA GOLDOFTAS**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104
(206) 615-2240

       Attorneys for Defendant


**BROWN, Judge.**

      Plaintiff Kelly G. Melton seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.


## ADMINISTRATIVE HISTORY

      Plaintiff filed her applications for SSI and DIB on May 29, 2001, and alleged a disability onset date of

September 9, 1998.  Tr. 154-56, 162.[1]  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on October 16, 2002.  At the hearing, Plaintiff was represented by an attorney.

The ALJ issued a decision on December 23, 2002, in which he found Plaintiff is not disabled and, therefore, was not entitled to benefits.  Tr. 48-60.  On March 24, 2004, the Appeals Council remanded the matter to the ALJ for further consideration of evidence submitted to the Appeals Council and to contact John W. Anderson, M.D., as to Plaintiff's mental impairments.  Tr. 151-53.

On remand the ALJ held a hearing on October 21, 2004. Plaintiff was represented by an attorney.  Plaintiff, a lay witness, and a vocational expert (VE) testified.  Tr. 965-93.

The ALJ issued a decision on January 25, 2005, in which he found Plaintiff is not disabled and, therefore, was not entitled to benefits.  Tr. 714-33.  On July 27, 2007, the Appeals Council remanded the matter to the ALJ to obtain updated medical records from Plaintiff's "treating and other medical sources" and, if necessary, to obtain evidence from a medical expert (ME) and supplemental evidence from a VE.  Tr. 756-59.

On remand the ALJ held a hearing on December 10, 2007.

_____

[1]  Citations to the official transcript of record filed by the Commissioner on January 5, 2010, are referred to as "Tr."

3 - OPINION AND ORDER

Plaintiff was represented by an attorney.  Plaintiff, an ME, and
a VE testified.  Tr. 994-1053.  That decision became the final
decision of the Commissioner on July 8, 2009, when the Appeals
Council denied Plaintiff's request for review.  Tr. 8-10.


## BACKGROUND

Plaintiff was born on April 4, 1969.  Tr. 431.  Plaintiff
was 23 years old at the time of the first hearing, 25 years old
at the time of the second hearing, and 28 years old at the time
of the third hearing.  Plaintiff obtained a two-year Associates
Degree.  Tr. 571, 1023.  Plaintiff has past relevant work
experience as a collections worker, babysitter, reporter or
writer, and survey taker.  Tr. 40.

Plaintiff alleges disability due to a generalized anxiety
disorder, bi-polar disorder, borderline personality disorder,
fibromyalgia, and a "history of kidney disease with kidney
removal."  Tr. 162.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 25-27, 32-36.


## STANDARDS

The initial burden of proof rests on the claimant to

establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004
(9th Cir. 2005).  To meet this burden, a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."
42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of
developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841
(9th Cir. 2001).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec.
Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial
evidence means more than a mere scintilla, but less than a
preponderance, i.e., such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." *Robbins v.
Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal
quotations omitted).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
2001).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Robbins,*

5 - OPINION AND ORDER

466 F.3d at 882.   The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.   *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).   The court may not substitute its judgment for that of the Commissioner.   *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

### I.   **The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.   *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).   *See also* 20 C.F.R. §§ 404.1520, 416.920.   Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.   *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).   *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.   *Stout*, 454 F.3d at 1052.   *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

6 - OPINION AND ORDER

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a

7 - OPINION AND ORDER

finding of 'disabled' and 'not disabled.'"  SSR 96-8p at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 9, 1998.  Tr. 23.

At Step Two, the ALJ found Plaintiff has the severe impairments of fibromyalgia, "a breathing problem associated with allergies to dust and to animals," obesity, bipolar II disorder,

and an anxiety disorder.  Tr. 23.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 14.  The ALJ found Plaintiff has the RFC to perform light work and includes the ability to sit two hours at a time "with normal breaks" for a total of eight hours in an eight-hour day; the ability to stand or to walk for one hour at a time for a total of six hours in an eight-hour day; and the ability to lift and to carry 20 pounds occasionally and 10 pounds frequently. Tr. 29.  The ALJ found Plaintiff is limited to occasional balancing, stooping, kneeling, crouching, and crawling.  The ALJ also found Plaintiff "should avoid" ramps; stairs; ladders; ropes; scaffolds; unprotected heights; dangerous machinery; and exposure to dust, fumes, and odors.  Tr. 29.  In addition, the ALJ also concluded Plaintiff can perform work involving simple, repetitive tasks; minimal contact with coworkers; and limited supervision.  Tr. 29.  The ALJ found Plaintiff should "avoid[] public contact and jobs requiring team work or close contact with coworkers to complete tasks."  Tr. 29

At Step Four, the ALJ concluded Plaintiff is not capable of performing her past relevant work.  Tr. 40.

At Step Five, the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.  Tr. 41.

Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) did not comply with the directives of the Appeals Council's 2007 remand, (2) improperly rejected lay-witness testimony, (3) improperly rejected the opinions of Plaintiff's treating and examining physicians, (4) did not include all of Plaintiff's limitations in her RFC, and (5) posed an insufficient hypothetical to the VE.

**I.   The July 27, 2007, remand by the Appeals Council is not subject to review in this matter.**

Plaintiff contends the ALJ erred because she failed to comply with the Appeals Council's directives in its July 27, 2007, remand.  As the court noted in *Butler v. Astrue*,

> [t]o the extent [the plaintiff] contends that the ALJ did not comply with the Appeals Council's remand order, federal courts only have jurisdiction to review the final decisions of administrative agencies.  When the Appeals Council denied review of the ALJ's second decision, it made that decision final, and declined to find that the ALJ had not complied with its remand instructions."

No. EDCV 08-1155 AGR, 2010 WL 342633, at *3 n.1 (C.D. Cal. Jan. 29, 2010)(quoting *Tyler v. Astrue*, 305 Fed. Appx. 331, 332 (9th Cir. 2008)).  *See also Farris v. Astrue*, No. 08-CV-3128-ST, 2009 WL 3497810, at *5 (D. Or. Oct. 29, 2009)(court lacks jurisdiction "to review the ALJ's compliance with the Appeals'

10 - OPINION AND ORDER

Council's remand.").

Here the Appeals Council denied review of the ALJ's third decision and declined to find the ALJ had not complied with its July 27, 2007, remand instructions. The ALJ's April 19, 2008, decision, therefore, became the final decision of the Commissioner. Accordingly, like the courts in *Butler, Tyler,* and *Farris*, this Court concludes it lacks jurisdiction to review the ALJ's compliance with the Appeals Council's last remand.

**II. ALJ erred when she rejected lay-witness testimony.**

Plaintiff contends the ALJ erred when she rejected the lay-witness testimony of Plaintiff's husband, Jeffrey Melton, and Plaintiff's friends, Carrie Spears and Susan Hunter.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless she "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members."). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout,* 454 F.3d at 1054.

The ALJ found the 2001, 2002, and 2007 questionnaires completed by Jeffrey Melton; the 2002 questionnaire completed by

11 - OPINION AND ORDER

Carrie Spears; and the 2004 testimony of Susan Hunter were "credible to the extent that these individuals have honestly reported their observations and what they have been told by [Plaintiff]." Tr. 32.  The ALJ generally rejected their statements and testimony, however, "to the extent they are not supported by the record."  The ALJ also found Plaintiff to be only "minimally credible," and, therefore, the ALJ concluded the lay-witness statements and testimony were not generally credible to the extent they were based on Plaintiff's representations and statements.  The ALJ, however, did not provide specific reasons germane to each witness for rejecting his or her testimony.

Accordingly, the Court concludes the ALJ erred when she rejected the lay-witness testimony without providing legally sufficient reasons based on substantial evidence in the record for doing so.

## III. The ALJ did not err when she rejected the opinions of Plaintiff's treating physicians.

Plaintiff contends the ALJ erred when she rejected the opinions of John W. Anderson, M.D., treating psychiatrist; Barbara Gibby-Smith, Psy.D., treating psychologist; Gary L. Sultany, M.D, treating physician; and Laurel L. Simon, M.D., treating physician.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings

12 - OPINION AND ORDER

setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32.

A nonexamining physician is one who neither examines nor treats the claimant. *Lester*, 81 F.3d at 830. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id*. at 831. When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so. *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999). A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record. *Id*. at 600.

**A.    Dr. Anderson**

Plaintiff contends the ALJ erred when she rejected Dr. Anderson's opinion that Plaintiff has moderate difficulties in social functioning, marked limitations in daily living, and "constant" deficiencies in concentration, persistence, or pace;

that Plaintiff is unable to meet competitive standards for coping
with "normal work stress"; that Plaintiff would have substantial
difficulty getting along with co-workers or the public; and that
Plaintiff would have four or more absences from work per month.
Tr. 926, 929-31.

       The ALJ rejected Dr. Anderson's opinion on the grounds
that it was inconsistent with the objective records and
information from other medical sources as well as inconsistent
with Dr. Anderson's own records.  Tr. 38.  For example,
Dr. Anderson reported Plaintiff was able to take her young
daughter for a third call-back on a modeling audition and to
attend weekly play dates with her child, which require driving,
interacting with the public and other mothers, and managing a
three-year-old child in public.  Nevertheless, Dr. Anderson
opined Plaintiff had moderate difficulties in social functioning
and substantial difficulties getting along with the public and
her co-workers.  An ALJ may reject a treating physician's opinion
if it is inconsistent with his own treatment notes.  *Weetman v.
Sullivan*, 877 F.2d 20, 22-23 (9th Cir. 1989).  *See also
Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)
("[I]ncongruity between [a treating physician's] questionnaire
responses and her medical records" is a legally sufficient reason
to reject the treating physician's opinion.).  The ALJ also
noted Dr. Anderson relied on Plaintiff's self-reports, which the

14 - OPINION AND ORDER

ALJ found not credible.[2]  An ALJ may reject a physician's opinion
if it is based on the claimant's subjective complaints and not
supported by clinical evidence in the record.  *Bayliss v.
Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

On this record, the Court concludes the ALJ did not err
when she rejected Dr. Anderson's opinion because the ALJ provided
legally sufficient reasons supported by substantial evidence in
the record for doing so.

**B.    Dr. Gibby-Smith**

Plaintiff contends the ALJ erred when he rejected
Dr. Gibby-Smith's opinion that Plaintiff has marked difficulties
in social functioning and activities of daily living; has
"frequent" deficiencies in concentration, persistence, or pace;
is unable to meet competitive standards for coping with "normal
work stress"; would have substantial difficulty getting along
with co-workers or the public; and would have four or more
absences from work per month.

The ALJ rejected Dr. Gibby-Smith's opinion on the
ground that she relied primarily on Plaintiff's self-reports,
which the ALJ found not credible.  In addition, the ALJ noted
Dr. Gibby-Smith's opinion was inconsistent with her chart notes.
For example, although Dr. Gibby-Smith opined Plaintiff had marked

---

[2] Plaintiff does not contend the ALJ erred when he found
Plaintiff to be not credible.

15 - OPINION AND ORDER

difficulties in social functioning and marked limitations in
activities of daily living, Dr. Gibby-Smith assessed Plaintiff in
October 2002 with a GAF[3] of 55-60, which indicates "moderate
symptoms (*e.g.*, flat affect and circumstantial speech, occasional
panic attacks) or moderate difficulty in social, occupational, or
school functioning (*e.g.*, few friends, conflicts with peers or
co-workers)." *Diagnostic and Statistical Manual of Mental
Disorders IV* (DSM-IV) 31-34 (4th ed. 2000).  In addition, Robert
McDevitt, M.D., medical expert, testified at the December 10,
2007, hearing that he was

> troubled by a number of progress notes by
> Dr. Gibby[-Smith] which have no ability for me to
> understand what [Plaintiff's] progress is, what
> [Plaintiff is] being treated for, what the goals
> of treatment were about. . . .  I'm a little
> troubled because the original reason for
> [Dr. Gibby-Smith's] consultation [with Plaintiff]
> was a disability evaluation and then all of a
> sudden we're in a treatment.  [Dr. Gibby-Smith]
> opines [Plaintiff] has a chronic condition and
> then all of a sudden we have once a week
> psychotherapy which is not consistent with a
> chronic issue.

Tr. 1008-09.  Finally, the ALJ notes Dr. Gibby-Smith indicates in
her March 10, 2006, "critique" that Plaintiff is relatively
stable and

> the balance of the document . . . expresses
> disdain for statements and findings in earlier

---

[3] The GAF scale is used to report a clinician's judgment of
the patient's overall level of functioning on a scale of 1 to
100.  *Diagnostic and Statistical Manual of Mental Disorders IV*
(DSM-IV) 31 (4th ed. 2000).

> hearing decisions; . . . criticizes both the
> abilities and conclusions of professional sources
> reaching conclusions differing from hers and
> contradicts information given by [Plaintiff] in
> criticizing these sources; offers questionable
> defenses for medical non-compliance and comments
> regarding the quality of her treatment records;
> and offers no objective information helpful to the
> comprehension of the issues or resolving
> conflicts.

Tr. 25.

On this record, the Court concludes the ALJ did not err when she rejected Dr. Gibby-Smith's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**C.    Dr. Sultany**

Plaintiff contends the ALJ erred when she rejected the opinion of Dr. Sultany that Plaintiff was incapable of working even in low-stress jobs, would need to work at a reduced pace, and would miss four days of work per month.

The ALJ rejected Dr. Sultany's opinion as to Plaintiff's physical limitations on the grounds that Dr. Sultany opined Plaintiff did not suffer any vertebrogenic disorders despite the fact that Dr. Sultany completed a form evaluating vertebrogenic disorders for Plaintiff in November 2002.  The ALJ noted Dr. Sultany indicated on that form that Plaintiff would have difficulty working an eight-hour day at a sedentary or light level, but then Dr. Sultany noted Plaintiff's "health problems" would not be made worse if she worked full-time.  Tr. 33.  The

17 - OPINION AND ORDER

ALJ also found Dr. Sultany's November 2002 opinion contains
"multiple contradictions . . . [and] scant helpful information"
and does not include objective reasons for his answers to the
form questions.  Tr. 33.  In addition, the ALJ found even though
Dr. Sultany opined Plaintiff's fibromyalgia limited her ability
to work, Dr. Sultany's reports lacked detail to support his
opinion such as Plaintiff's responses on standard control points.
Finally, the ALJ noted although Dr. Sultany reported in 2001
that Plaintiff had been diagnosed with fibromyalgia in 1992,
there is not any mention of symptoms resembling that condition
in Plaintiff's medical record before 2001.

On this record, the Court concludes the ALJ did not err
when she rejected Dr. Sultany's opinion because the ALJ provided
legally sufficient reasons supported by substantial evidence in
the record for doing so.

**D.  Dr. Simon**

Plaintiff contends the ALJ erred when he rejected the
September 19, 2001, opinion of Dr. Simon, treating physician,
that Plaintiff would need to work at a reduced pace and would
miss four days of work per month.

The ALJ rejected Dr. Simon's opinion on the ground that
her opinion is not supported by her treatment notes, is
incomplete, and is based in large part on Plaintiff's self-
reports.  In addition, Dr. Simon reported in her September 2001

opinion that she was uncertain to what degree Plaintiff could tolerate work stress.  Dr. Simon reported she did not know how many blocks Plaintiff could walk without pain; the length of time Plaintiff could stand or sit with normal breaks in an eight-hour work day; or how long Plaintiff could sit, stand, or walk or the number of times she would need to do so in an eight-hour work day.  Tr. 528-29.  In addition, Dr. Simon did not know whether Plaintiff would need to lie down during the work day, how often Plaintiff would need to walk around during the work day, or the approximate date from which Plaintiff had been continuously disabled.  Tr. 529-30.

On this record, the Court concludes the ALJ did not err when she rejected Dr. Simon's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**IV.  The ALJ erred in her assessment of Plaintiff's RFC.**

Plaintiff contends the ALJ erred in her assessment of Plaintiff's RFC because even though the ALJ found Plaintiff has "mild-to-moderate" difficulties in maintaining concentration, persistence, or pace, the ALJ did not include those limitations in her evaluation of Plaintiff's RFC.  Defendant, however, contends the ALJ addressed Plaintiff's mild- to-moderate limitations in maintaining concentration, persistence, or pace in her RFC findings when the ALJ limited Plaintiff to simple,

repetitive tasks.

The Ninth Circuit specifically rejected an argument similar to that of Defendant in *Brink v. Commissioner Social Security Administration*:

> A hypothetical question posed to a vocational expert must "include all of the claimant's functional limitations, both physical and mental." *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995). Here, the administrative law judge ("ALJ") accepted medical evidence that Brink has moderate difficulty maintaining concentration, persistence, or pace. However, the ALJ's initial hypothetical question to the vocational expert referenced only "simple, repetitive work," without including limitations on concentration, persistence or pace. This was error.
>
> The Commissioner's contention that the phrase "simple, repetitive work" encompasses difficulties with concentration, persistence, or pace is not persuasive. Indeed, repetitive, assembly-line work of the type described by the expert might well require extensive focus or speed.
>
> * * *
>
> Although the ALJ accepted that [the plaintiff] has moderate difficulty with concentration, persistence, or pace, he nevertheless concluded, contrary to the vocational expert's testimony, that [the plaintiff] can perform certain light work. This conclusion was based on an incomplete hypothetical question, and is not supported by substantial evidence. The hypothetical question to the vocational expert should have included not only the limitation to "simple, repetitive work," but also [the plaintiff's] moderate limitations in concentration, persistence, or pace.

343 Fed. Appx. 211, 212 (9th Cir. Aug. 18, 2009).

Accordingly, the Court concludes the ALJ erred in her assessment of Plaintiff's RFC because she did not include

20 - OPINION AND ORDER

Plaintiff's mild-to-moderate limitations in maintaining concentration, persistence, or pace.

**V. The ALJ posed an insufficient hypothetical to the VE.**

At Step Five, the Commissioner must show the claimant can do other work that exists in the national economy. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). The Commissioner can satisfy this burden by eliciting the testimony of a VE with a hypothetical question that sets forth all of the claimant's limitations. *Id.* The hypothetical posed to a VE may only include those limitations supported by substantial evidence in the record. *Robbins v. Soc. Sec. Admin.,* 466 F.3d 883, 866 (9th Cir. 2006).

Plaintiff contends the ALJ did not pose a sufficient hypothetical to the VE because the ALJ failed to include Plaintiff's mild-to-moderate limitations in maintaining concentration, persistence, or pace. The Court agrees. As noted, the ALJ's inclusion of the limitation of simple, repetitive work in her hypothetical to the VE does not adequately take into account Plaintiff's limitations in maintaining concentration, persistence, or pace.

Accordingly, the Court concludes on this record that the ALJ erred when she failed to include in the hypothetical posed to the VE Plaintiff's mild-to-moderate limitations in her ability to maintain concentration, persistence, or pace.

21 - OPINION AND ORDER

**REMAND**

Having found the ALJ erred, the Court must determine whether to remand this matter for further proceedings or to remand for the calculation of benefits.  The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2. The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

Here the Court finds additional proceedings are necessary to allow the ALJ to assess properly the lay-witness testimony; to include in the ALJ's assessment of Plaintiff's RFC relevant

22 - OPINION AND ORDER

limitations on Plaintiff's ability to maintain concentration, persistence, or pace; and to pose an accurate hypothetical to the VE in order to assess properly whether Plaintiff is able to perform work that exists in the national economy.

Accordingly, the Court concludes on this record that remand for further proceedings is necessary.

### CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 28th day of September, 2010.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

23 - OPINION AND ORDER